UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL JONES,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAMS, et al.,<br><br>    Defendants. | Case No. 2:23-cv-01083-ART-DJA<br><br>ORDER DISMISSING AND CLOSING CASE |

Plaintiff Paul Jones brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. (ECF No. 3-1). On July 21, 2023, this Court ordered Jones to file a fully complete application to proceed *in forma pauperis* ("IFP") or pay the full $402 filing fee on or before September 19, 2023. (ECF No. 4). Jones timely filed an IFP application, but it was incomplete because he did not include a completed financial certificate and an inmate trust fund account statement for the previous six-month period with it. (*See* ECF No. 5). On October 3, 2023, the Court denied the incomplete IFP application and gave Jones until November 2, 2023, to either pay the filing fee or file a new fully complete IFP application. (ECF No. 8). Alternatively if Jones was unable to obtain his financial documents from prison officials, the Court ordered him to complete the first three pages of the IFP application and file it together with a declaration detailing the efforts he took to acquire his financial documents from prison officials. (*Id.* at 3). The Court warned Jones this action could be dismissed if he failed to comply. (*Id.*)

Jones timely filed an IFP application. (ECF No. 9). But that application, which is Jones's third attempt to seek pauper status in this action, (*see* ECF Nos. 3, 5, 9), is incomplete because it is not signed and dated by Jones in either place on page 3, and Jones did not include a completed financial certificate and an inmate account statement with it. Nor did Jones file a declaration detailing his efforts to obtain his financial documents from prison officials. Jones later filed

a document titled "Exhausted Grievance Process" that contains grievances records related to the matters at issue in the complaint. (*See* ECF No. 10). But those records do not concern the documents that Jones must file to properly apply for IFP status.

**I.      DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Jones's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Jones either files a fully complete IFP application or pays the $402 filing fee for a civil action, the only alternative is to enter a third order setting another deadline. But the reality of repeating two ignored orders is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception because Jones has consistently failed to comply with the Court's orders detailing how he can apply for *pauper* status. Setting a third deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Paul Jones's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's July 21 and October 3, 2023, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Paul Jones wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or properly apply to proceed *in forma pauperis*.

It is further ordered that Jones's application to proceed *in forma pauperis* (ECF No. 9) is denied as incomplete and moot.

DATED THIS 20th day of February 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4